**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANTONIO M. HEARD,

        Petitioner,

  - v -           Civ. No. 9:13-CV-1192
                 (LEK/RFT)
MARK L. BRADT, *Superintendent*,

        Respondent.

**APPEARANCES:**       **OF COUNSEL:**

ANTONIO M. HEARD
*Pro se* Plaintiff
10-A-1709
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN    PAUL B. LYONS, ESQ.
Attorney General of the State of New York  Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

  *Pro se* Petitioner Antonio M. Heard seeks a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, on the following grounds: 1) admission of the audio tapes violated the Sixth Amendment's Confrontational Clause; 2) the audio tapes were not

properly authenticated; 3) the jury was alerted to Petitioner's prior criminal activity when the prosecutor repeatedly stated in his opening statement that the officers' were familiar with Petitioner and this violated "Petitioner's Fifth, Sixth, and Fourteenth Amendment right to due process and a fair trial"; and 4) the inclusion of Petitioner's name in the audio tape transcripts tainted the jury, "in violation of his Fifth, Sixth and Fourteenth Amendment rights[.]" Dkt. No. 28, Am. Pet. at pp. 6-7 & 10-12.

## I. BACKGROUND

### A. Petitioner's Crime

In 2009, Petitioner and four other individuals were indicted on several charges for participating in a conspiracy and for possessing and selling cocaine in Albany County as a result of a joint investigation, sobriqueted "Operation Mansion Hill," conducted by the Albany Police Department and the Attorney General's Statewide Organized Crime Task Force. *See generally* Dkt. No. 8, State Ct. R. Vol. 1 at SR 16, Indict.; Dkt. No. 8-4, State Ct. R. Vol. 5 at SR 2642, App. Div. Mem. & Order, dated Feb. 23, 2012 & SR 2648, Pet'r's Leave to Appeal, dated Mar. 1, 2012. This investigation involved extensive surveillance, including monitoring phone calls pursuant to eavesdropping warrants. *See* State Ct. R. Vol. 5 at SR 2642, App. Div. Mem. & Order & SR 2648, Pet'r's Leave to Appeal. During the course of that investigation, Petitioner was identified by law enforcement as the supplier of cocaine

to the other indicted individuals for eventual street level sales.  State Ct. R. Vol. 5 at SR 2642, App. Div. Mem. & Order.

On April 1, 2010, Petitioner was convicted in New York State, Albany County Court, of one count of Conspiracy in the Fourth Degree, one count of Criminal Sale of a Controlled Substance in the Second Degree, and two counts of Criminal Possession of a Controlled Substance in the Third Degree.  Dkt. No. 8, State Ct. R. Vol. 1 at SR 144, Certificate of Conviction, dated Apr. 2, 2010.  Petitioner was sentenced to an aggregate determinate term of twelve years of imprisonment, plus five years of post-release supervision.  *Id.*  Petitioner is presently incarcerated at Washington Correctional facility.  Dkt. Rep.

## B.  State Court Review

On June 15, 2011, Petitioner's Appellate Counsel filed an Appellate Brief with the Appellate Division, Third Department, in which she argued that 1) the admission of the audio tapes violated Petitioner's constitutional right to confront witnesses; 2) the audio tapes were not properly authenticated under *People v. Ely,* 68 N.Y.2d 520 (1986); 3) prosecutor's opening statement was prejudicial to the Petitioner; 4) the verdict was against the weight of the evidence; 5) the trial was tainted because the call transcripts identified Petitioner as the speaker; 6) admission of the audio recordings that took place prior to Petitioner's alleged involvement in the conspiracy and

admission of evidence found in co-conspirators' residences violated Petitioner's right to a fair trial; and 7) the County Court Judge committed reversible error when he i) allowed the prosecutor to change the theory of the case in summation, ii) failed to advise the jury that the intercepted calls were not proof of a drug sale, and iii) refused to charge the jury that co-conspirator Ebony Jones was a missing witness. *See generally* Dkt. No. 8-2, State Ct. R. Vol. 2 at SR 1575, Pet'r's App. Div. Br., dated June 15, 2011.

On February 23, 2012, the Third Department unanimously affirmed Petitioner's conviction, and held that 1) the verdict was not against the weight of the evidence; 2) Petitioner failed to preserve his objection to his name being listed in the call transcripts; 3) both parties stipulated that the call transcripts could be viewed by the jury when the actual calls were played as a demonstrative aid; 4) the call transcripts were not admitted into evidence and the Court repeatedly gave the jury cautionary instructions regarding the call transcripts; 5) Petitioner failed to preserve his argument that the audio recordings were not properly authenticated in accordance with the foundation requirements articulated in *People v. Ely*, 68 N.Y.2d at 527;[1] 6) admission of the audio tapes between Petitioner and co-conspirator Ebony Jones did not violate

---

[1] Specifically, the Third Department found that although Petitioner raised "an authenticity issue in a pretrial motion and preserved it at trial, that challenge was based on the absence of [Ebony] Jones as a witness rather than . . . the insufficiency of Guiry's testimony in meeting the foundation requirements articulated in *People v. Ely*[.]" Dkt. No. 8-4, State Ct. R. Vol. 5 at SR 2642, App. Div. Mem. & Order, dated Feb. 23, 2012.

Petitioner's constitutional right to confront witnesses because "[t]he statements by Jones during phone conversations that she did not know were being recorded while she negotiated cocaine transactions with [petitioner] were not testimonial in nature" and the "statements were not hearsay because they were part of the criminal res gestate"; and 7) prosecutor's opening statement did not deprive Petitioner of a fair trial as "[i]dentity was a key issue at trial." *See generally* State Ct. R. Vol. 5 at SR 2642, App. Div. Mem. & Order. The Third Department further stated that the prosecutor was relying on the officers' identification of Petitioner, and the County Court Judge instructed the jury after the People's opening statement, during trial, and after closings that a negative inference should not be drawn from the fact that the police officers knew of Petitioner, that such a fact in no way constitutes proof of any criminal history, and that such proof was to be considered solely for the purpose of determining whether the officers could positively identify Petitioner as the speaker on the audio tapes. *Id.* at SR 2646. The Third Department further held that Petitioner failed to properly preserve his claim that his due process rights were violated when phone conversations that took place prior to his alleged involvement were admitted into evidence along with items obtained from co-conspirators' residence(s), and held that in any event this argument was "without merit." *Id.* at SR 2646-47. The Third Department also found Petitioner's remaining arguments "unavailing." *Id.* at 2647.

On March 1, 2012, Petitioner's Appellate Counsel filed an application seeking leave to appeal to the New York Court of Appeals. State Ct. R. Vol. 5 at SR 2648, Pet'r's Leave to Appeal. Therein, Appellate Counsel raised two issues: 1) whether Prosecutor's opening statement, in which he emphasized that the officers were familiar with Petitioner, was prejudicial to the Petitioner under *People v. Molineux,* 168 N.Y. 264 (1901) and 2) whether naming Petitioner in the call transcripts "tainted the entire proceeding," such that it was an error that affected "the mode of proceedings prescribed by [New York] law." *Id.* at SR 2651.

On April 16, 2012, the Court of Appeals denied Petitioner leave to appeal.[2] State Ct. R. Vol. 5 at SR 2657, Ct. of Appeals Order, dated Apr. 16, 2012.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[2] On April 9, 2013, Petitioner filed a § 440.10 Motion. However, the issues raised therein do not relate to the grounds presently raised in his Amended Petition. Dkt. No. 8-4, State Ct. R. Vol. 5 at SR 2658, Mot. to Vacate J. Pursuant to N.Y.C.P.L. § 440.10, dated Apr. 9, 2013.

determined by the Supreme Court of the United States; or
2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001) (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

## B. Exhaustion

Prior to seeking federal *habeas* relief, a petitioner must exhaust available state remedies, or demonstrate that there is either an absence of available state remedies or that such remedies cannot adequately protect petitioner's rights.[3] *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)); *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994). This exhaustion requirement recognizes "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye v. Att'y Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982). Though both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and correct any violations of federal law. *Id.* "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Glover v. Bennett*, 1998 WL 278272, at *1 (N.D.N.Y. May 21, 1998)

---

[3] 28 U.S.C. § 2254(b) and (c) provide, in part, as follows:

    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(quoting *Daye v. Att'y Gen. of New York*, 696 F.2d at 192).[4]

This exhaustion requirement is satisfied if the federal claim has been "fairly presented" to the state courts. *See Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A claim has been "fairly presented" if the state courts are apprised of "both the factual and the legal premises of the claim [the petitioner] asserts in federal court." *Daye v. Att'y Gen. of New York*, 696 F.2d at 191; *Morales v. Miller*, 41 F. Supp. 2d 364, 374 (E.D.N.Y. 1999). "Although the petitioner need not have cited 'book and verse on the federal constitution,' he must have articulated 'the substantial equivalent' of the federal habeas claim." *Colon v. Artuz*, 174 F. Supp. 2d 108, 114 (S.D.N.Y. 2001) (quoting *Picard v. Connor*, 404 U.S. at 278); *see also Daye v. Att'y Gen. of New York*, 696 F.2d at 194. Thus, "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." *Daye v. Att'y Gen. of New York*, 696 F.2d at 192; *Morales v. Miller*, 41 F. Supp. 2d at 374. In addition, in order for a petitioner to properly exhaust his or her claim, he or she "must give the state courts *one full opportunity* to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"; this includes presenting "both the

---

[4] Since AEDPA's restriction on federal *habeas* power was premised upon the duty of state courts to uphold the Constitution and faithfully apply federal laws, the AEDPA's review standards apply only to federal claims which have been actually adjudicated on the merits in the state court. *Washington v. Shriver*, 255 F.3d 45, 62 (2d Cir. 2001).

factual and legal premise of the federal claims ultimately asserted in the [federal] habeas petition" to the New York Court of Appeals. *Galdemez v. Keane*, 394 F.3d 68 (2d Cir. 2005) (emphasis in original) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)).

### 1. Confrontation Clause

Petitioner's Confrontation Clause claim is unexhausted because he did not raise this issue to the Court of Appeals. However, this claim is deemed exhausted because Petitioner is barred from presenting this argument to the Court of Appeals and is barred from seeking collateral review because this issue was already addressed by the Appellate Division on direct review. *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (citing to N.Y. Ct. Rules § 500.10[5] for the proposition that a petitioner's failure to raise issues before the Court of Appeals precludes further consideration in the New York courts when that petitioner already made the one request for leave to appeal to which he is entitled ); N.Y. CRIM. PROC. LAW § 440.10(2)(a) (motion will be denied if the issue was "previously determined on the merits upon an appeal"). To deem a claim exhausted is a "cold comfort to most petitioners because it has been held that when 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion

---

[5] In various cases, this section is cited as § 500.10(a).

requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claim procedurally defaulted." *Aparicio v. Artuz*, 269 F.3d at 90 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). A court's review of the substance of a procedurally defaulted claim is conditioned upon a petitioner demonstrating cause for the default and resulting prejudice, or presenting evidence to show that he is "actually innocent" of the crime of which he was found guilty.[6] *Coleman v. Thompson*, 501 U.S. at 748; *Ramirez v. Att'y Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000) (citing *Coleman*); *King v. Greiner*, 210 F. Supp. 2d 177, 182 (E.D.N.Y. 2002) (stating the court is precluded from considering unexhausted claims "unless petitioner can establish cause to excuse the default and prejudice, or actual innocence").

To establish legal cause for a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with New York's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999). Examples of external factors include interference by officials, ineffective assistance of counsel, or that "the factual or legal basis for a

---

[6] This final exception, however, is intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir. 1994).

claim was not reasonably available" at trial nor on direct appeal. *Murray v. Carrier*, 477 U.S. at 488. Attorney ignorance or inadvertence is not cause, however, since the attorney is considered the petitioner's agent when acting, or failing to act, in furtherance of the litigation, the petitioner must "bear the risk of attorney error." *Coleman v. Thompson*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. at 488).

Here, Petitioner has not stated a reason for his procedural default.[7] Since he has not established cause for the procedural default, this Court need not decide whether he also suffered actual prejudice because federal *habeas* relief is unavailable for a procedurally defaulted claim unless both cause and prejudice are demonstrated. *See, e.g.*, *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Pou v. Keane*, 977 F. Supp. 577, 581 (N.D.N.Y. 1997) (Kahn, J.) (citing *Stepney*). In addition, since Petitioner has not established that he is actually innocent of any of the crimes of which he was convicted, the Court recommends that the Amended Petition be **denied** with respect to Petitioner's Confrontation Clause claim.

### 2. Admission of the Audio Tapes

Petitioner's contention that the admitted audio tapes were not authenticated is unexhausted because he failed to raise this issue to the New York Court of Appeals. This claim is also procedurally defaulted as Plaintiff is barred from presenting this

---

[7] Petitioner's Memorandum of Law in support of his Amended Petition does not discuss cause nor prejudice.

issue to the Court of Appeals and is barred from seeking collateral review because he could have raised the issue on direct review. *Bossett v. Walker,* 41 F.3d at 829 (citing N.Y. CRIM. PROC. LAW § 440.10(2)(c) for the proposition that collateral review is barred "if the claim could have been raised on direct review but it was not").

As previously mentioned, federal courts may not address the merits of a procedurally defaulted claim, unless the petitioner demonstrates cause and prejudice. However, Petitioner has not articulated a reason for his procedural default. As a result, the Court recommends **denying** the Amended Petition with respect to Petitioner's argument concerning authentication of the audio tapes.

### 3. Prosecutor's Opening Statement

Petitioner also seeks the Writ of *Habeas Corpus* on the ground that Prosecutor's opening statement revealed Petitioner's prior criminal activity in violation of his "Fifth, Sixth, and Fourteenth Amendment right to due process and a fair trial." Am. Pet. at p. 10. Although Petitioner presently argues that the prosecutor's opening statement violated his constitutional rights, he failed to fairly present this issue to the Appellate Division and New York Court of Appeals. Instead, Petitioner argued that the opening statement was prejudicial under *Molineux*, a New York State case regarding the admission of evidence. *Sirico v. New York Att'y Gen.,* 2015 WL 3743126, at *7 (E.D.N.Y. June 15, 2015) (stating that *"Molineux* sets forth a state

evidentiary rule"); *Roldan v. Artuz,* 78 F. Supp. 2d 260, 276 (S.D.N.Y. 2000) ("*Molineux* is a state law issue." ). Furthermore, it cannot be said that the Appellate Division or Court of Appeals could have been alerted to the constitutional dimension of Plaintiff's claim as the claim does not rest "on a factual matrix that is 'well within the mainstream of due process adjudication.'" *Daye v. Att'y Gen. of State of New York,* 696 F.2d at193 (quoting *Johnson v. Metz,* 609 F.2d 1052, 1057 (2d Cir. 1979)); *see also Petrucelli v. Coombe,* 735 F.2d 684, 688 (2d Cir. 1984) (catchphrases like "fair trial" does not necessarily alert the state courts of the constitutional dimension of a petitioner's claim). As a result, this claim is unexhausted and procedurally defaulted as Petitioner is presently barred from seeking leave to appeal to the Court of Appeals and is barred from filing a post-conviction motion as his argument is record based and could have been decided on the merits on direct appeal.

In addition, as previously mentioned, Plaintiff fails to establish cause for his procedural default and does not proffered any evidence that he is actually innocent. Thus, the Court recommends **denying** the Amended Petition with regards to this claim.

### 4. Call Transcripts

Petitioner also failed to exhaust his contention that "the inclusion of [his] name

in the transcripts [which were] provided to the jury tainted his trial," Am. Pet. at p. 12, because Appellate Counsel did not fairly present this issue to the New York Court of Appeals. Instead, Appellate Counsel argued that the identification of Petitioner as a speaker on the call transcripts was an error that affected the "mode of proceedings prescribed by [New York] law[.]" State Ct. R. Vol. 5 at SR 2651, Pet'r's Leave to Appeal. In addition, this Court is barred from reviewing this claim on the merits as the Appellate Division rested its decision on an independent and adequate state ground, namely, that Petitioner failed to preserve his argument concerning the call transcripts. *Coleman v. Thompson*, 501 U.S. at 729 (citations omitted) (noting that federal court resolution of the federal issue would merely be advisory where the state judgment is supported by independent and adequate state grounds); *see also Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). "This rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. at 729 (citation omitted). Moreover, Petitioner's claim fails to raise a constitutional issue primarily because the parties agreed that the call transcripts could be used during trial as a demonstrative aid and the use of demonstrative aids is governed by state law. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (emphasizing that "federal habeas corpus relief does not lie for errors of state law") (citations omitted).

Thus, the Court recommends **denying** the Amended Petition based on all of the asserted grounds.

## III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Amended Petition (Dkt. No. 28) be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should be issued with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 19, 2015
      Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge