UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTONIO M. HEARD,

                Petitioner,

      -against-                                    9:13-CV-1192 (LEK/RFT)

MARK L. BRADT,

                Respondent.

**DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on August 19, 2015, by the Honorable Randolph F. Treece, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 47 ("Report-Recommendation"). *Pro se* Petitioner Antonio M. Heard ("Petitioner") timely filed Objections.[1] Dkt. No. 50 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole,

---

[1] The Court granted Plaintiff one extension to file objections by September 25, 2015. See Dkt. No. 49.

No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. DISCUSSION.

In his Objections, Petitioner objects to Judge Treece's recommendation that the Court deny the Amended Petition with respect to his contention that the audio tapes were admitted without being properly authenticated. Objs. at 2. Judge Treece determined that Petitioner's contention that the admitted audio tapes were not authenticated was unexhausted because Petitioner failed to raise the issue to the New York Court of Appeals. Rep.-Rec. at 12-13. Additionally, the claim was procedurally defaulted because Petitioner was barred from presenting the issue to the Court of Appeals and was barred from seeking collateral review because he could have raised the issue on direct review. Id. ("The claim is also procedurally defaulted as Plaintiff is barred from presenting this issue to the Court of Appeals and is barred from seeking collateral review because he could have raised the issue on direct review."). Petitioner argues that the failure to raise the issue in the proper manner on direct review was due to errors of his appellate counsel and as such should meet the cause and prejudice standard. Objs. at 2.

The Supreme Court in Murray v. Carrier, 477 U.S. 478, 479 (1986), held that "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, 466 U.S. 668 (1984)," attorney error shall not

2

constitute cause for a procedural default. Murray further states that the exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." 477 U.S. at 489; see also Reyes v. Keane, 118 F.3d 136, 140 (2d Cir. 1997) ("[A] petitioner may not bring an ineffective assistance of counsel claim as cause for a default when that ineffective assistance of counsel claim itself is procedurally barred."). Petitioner did not raise his ineffective assistance of counsel claim in state court and therefore is barred from using that claim to establish cause. Petitioner has accordingly failed to establish cause and prejudice for his procedurally defaulted contention that the audio tapes were admitted without being properly authenticated.

Petitioner's other objections are general and fail to address particular findings of the Report-Recommendation. The Court has accordingly reviewed the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 47) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Amended Petition (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED**, that Petitioner's request for a certificate of appealability is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   November 24, 2015
         Albany, NY

                              Lawrence E. Kahn
                              U.S. District Judge